FILED LOGGED ENTERED RECEIVED
OCT 16 2020
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

**SIMON TUSHA,**
**Plaintiff,**

**v.** **Case No. 1:20-CV-02143-GLR**

**STANLEY GREENFIELD**
**Defendant,**

**PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO DISMISS**

Comes now, Simon Tusha, Plaintiff, pro se, and submits his response to above referenced Motion to Dismiss as follows:

1. Plaintiff avers that the Defendant's motion for dismissal is improper primarily because it is grounded upon false premise, i.e., that the Plaintiff has no contacts in the State of Maryland. This is clearly not true. In fact, Defendant met with Plaintiff at the residence of his daughter, who at that time lived at 707 Kersey Road, Silver Spring Md 20902. Plaintiff hired Defendant to represent his interests in a Pennsylvania Criminal matter. The Defendant clearly conducts business in Maryland and in fact did so with the Plaintiff:

On December 25, 2018, Plaintiff met with Defendant in Maryland the purpose of which transact the business of legal representation and facilitate that representation by review and transfer of documents, discussion of the matter and estimation of costs of the services to be provided. Plaintiff delivered documents to Defendant relevant to the Pennsylvania matter and held various discussions as to the matter, thus Defendant clearly was conducting business in Maryland. Therefore, the Defendant has the minimum required contacts with the State of Maryland.

**LEGAL ARGUMENT**

2. Defendant's answer states the very bases on which personal jurisdiction does in fact exist grounded upon the facts as stated above, not allegations set forth in the pleadings. In fact, on December 25, 2018, Defendant traveled to Maryland to meet with the Plaintiff at his daughter's residence, the purpose of which, was to conduct, transact and perform a character of work, as set forth at Article, Section 6-103 (1) that being, Defendant was actively providing legal services to his client/Plaintiff, who resides in Maryland; and, the Defendant was "using" real property in the State as defined at (5); and (3) as alleged, the Defendant caused a tort or injury by an act or omission in the State resulting in a breach of contract, thus the long arm statute establishes personal jurisdiction of the federal court as stated and conceded by the Defendant. Further, the required minimum contacts are established if the defendant "purposefully avails [himself] of the privilege of conducting activities in the forum state…"Hanson v Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958). The "defendant's conduct and connection with the forum state [must be] such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980). It is difficult to imagine in this case how the Defendant could engage in business with the Plaintiff in the State of Maryland, and not anticipate being haled into a Maryland court for breach of contract that he consummated in Maryland with the Plaintiff. Under the 14th Amendment, the non-resident defendant only need have "minimum contacts" such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. "Int'l Shoe Co. v State of Wash., Office of Unemployment Comp. & Placement, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 2d 95 (1945). Because "Maryland Courts have consistently held that the State's long-arm statute is

coextensive with the limits of personal jurisdiction set by the due process clause of the Constitution," the "statutory inquiry merges [the] constitutional inquiry." Carefirst of Maryland, Inc., 334 F.3d at 396-97. Thus "the two inquiries essentially become one" and the question is whether the defendant's "activities in Maryland constituted sufficient minimum contacts with Maryland such that maintenance of {2020 U.S. Dist. LEXIS 6} suit against [defendant] in Maryland comports with the demands of due process." Stover v O'Connell Assocs., Inc., 84 F.3d 132, 136 (4th Cir. 1996); see also ALS Scan, Inc. v Digital Service Consultants, Inc., 293 F.3d 707, 710 (4th Cir. 2002).

3. Considering the extent to which the Defendant purposefully availed himself of the privilege of doing business in Maryland, it being clear that Defendant traveled to Maryland and met with Plaintiff at his daughter's Maryland residence, that residence "used" as an office of the Defendant for the express purpose of engaging in/or facilitating a contractual relationship with the Plaintiff, this is sufficient to meet the minimum contact requirement. Also, this meeting in 2018 was certainly "in person" contact with the Plaintiff who is a resident of the forum State of Maryland. The nature, quality and extent of the business being transacted was substantial thus these factors weigh in consideration for the Plaintiff. See Chartier v M. Richard Epps, P.C., 2014 U.S. Dist. LEXIS 133147, 2014 WL 47748629, at *10 (D. Md. Sept. 23, 2014)(finding that the defendant availed itself of personal jurisdiction by directing debt collection activities at a Maryland resident after finding out the individual resided in Maryland...) Plaintiff is a Maryland resident and Defendant entered into an agreement with Plaintiff he knew resided in Maryland and thus sought to offer his services to a Maryland resident. Consequently, the Defendant's self-serving conclusory arguments that include "he does not have contacts with Maryland or that does not do business in Maryland, are

categorically false and the Court should disregard them.

4. 28 U.S.C. § 1391 is the Statutory Authority that determines where proper venue lies in a federal lawsuit, thus Rule 12(b)(2) or (b)(3) are not proper procedural mechanisms to dismiss an action unless the venue is either "wrong" or "improper." Atlantic Marine Construction Company, Inc., v United States District Court, W.D. TEXAS, 571 U.S. 49, 134 S. Ct. 568, 187 L. Ed. 2d 487; (2013 LEXIS 8775. Atlantic Marine, like Defendant, sought a dismissal of the lawsuit under 1406(a) and Rule 12(b)(3). The Supreme Court rejected that position holding that:

"Section 1406(a) and Rule 12(b)(3) allow dismissal only when the venue is "wrong" or "improper." Whether the venue is "wrong" or "improper" depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection-clause. Id.

Rule 12(b)(3) states that a party may move to dismiss a case for "improper venue." These provisions therefore authorize dismissal only when venue is "wrong" or "improper" in the forum which it was brought. Id. "Whether the parties enters into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b)." As a result, a case filed in a district that falls within § 1391(b) may not be dismissed under § 1406(a) or Rule 12(b)(3). It is clear that venue is properly laid in this federal district court because the Defendant has minimum contacts with Maryland as shown above and Plaintiff resides in the State of Maryland, as well, the federal court has diversity jurisdiction over the action itself. And, any motion for dismissal must fail because "...venue is proper so long as the requirements of 1391(b) are met, irrespective of any forum-selection clause." See Van Dusen v Barrack, 376 U.S. 612, 84 S. Ct. 805, 11 L. Ed. 2d 548 (1993) 1404(a)) In this case, there is no issue of venue selection because venue is proper in this District

of Maryland and the federal court clearly has diversity jurisdiction over the action and personal jurisdiction over the parties, thus there cannot exist a claim of improper venue.

5. For the reasons set forth above, Plaintiffs requests this Court DENY Defendant's Motion to Dismiss or transfer this matter for good cause shown.

Respectfully submitted,

Simon Tusha, pro se

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 12th, 2020, copies for foregoing Motion to Dismiss was mailed by first-class mail, postage prepaid to:

Stanley Greenfield
6315 Beacon Street
Pittsburgh, PA 15217

Robert M. Gittins
ECCLESTON & WOLF, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076-1378

Date: October 12, 2020

Simon Tusha
pro se
1060 Hidden Moss Drive
Cockeysville, MD 21030
(443) 807-3595